**Opinion issued June 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00939-CR

_____

**MIREYA PATINO GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 1952529**

---

## MEMORANDUM OPINION

After a jury trial, Mireya Patino Garcia was convicted of the misdemeanor offense of theft, and the trial court imposed a sentence of 180 days in the county jail. Notice of appeal was timely filed and Garcia was released on a $5,000 appeal bond.

The record was originally due in December 2014, but Garcia requested an extension, which we granted until January 2015. In February 2015, the court reporter advised that no payment had been made. After no response to our notice, we set the brief due without a reporter's record in June 2015. In July, new counsel filed a motion to substitute and a motion for extension of time to file the record. We granted the motion to substitute and extended the deadline for the reporter's record until September 2015. No record was filed.

In October, we issued an order that we would consider the appeal without a reporter's record unless we received proof of payment by November 5, 2015. No record or response was received. We set the brief due in December 2015, but when we received no brief or response to our subsequent notice, we abated the appeal in March 2016 and directed the trial court to hold a hearing and make findings regarding Garcia's failure to file a brief. *See* TEX. R. APP. P. 38.8(b)(2).

We received a hearing record in which counsel stated appellant had been released on bond and her contact phone numbers had been disconnected. We also received a supplemental clerk's record in which the trial court made findings of fact: Garcia posted an appeal bond in the amount of $5,000, she failed to appear, the court forfeited her appeal bond and issued a final judgment of forfeiture on September 18, 2015, Garcia remains a fugitive, and neither her counsel nor the bonding company

are able to locate her.  The trial court did not make a finding that Garcia no longer desires to prosecute her appeal.

Under similar facts, our Court has reviewed the record without briefs. In *Gonzalez v. State*, No. 01–05–01155–CR, 2007 WL 3227686 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, no pet.) (mem. op., not designated for publication), the trial court found that Gonzalez had forfeited his bond, that his attorney and the bail bond company were unable to contact him, and that a warrant had been issued for his arrest.  The trial court concluded that Gonzalez had abandoned his appeal.  2007 WL 3227686, at *1.  Although the trial court did not find that Gonzalez no longer desired to prosecute his appeal, this Court found that because Gonzalez failed to prosecute his appeal and keep the Court informed of his whereabouts, he no longer desired to prosecute his appeal.  *See id.*  This Court further found good cause existed to suspend the requirement of Rule 38.8(b)(4) that this finding be made by the trial court.  *See id.* (citing TEX. R. APP. P. 2).  Therefore, the Court considered the appeal without briefs, reviewed the record for fundamental error, and finding none, affirmed the trial court's judgment.  *See id.* at *1–2; *see also Bryan v. State*, No. 07–08–0174–CR, 2009 WL 196043, at *1–2 (Tex. App.—Amarillo Jan. 28, 2009, no pet.) (mem. op., not designated for publication) (finding it would be futile to abate again, court found appellant no longer desired to prosecute appeal, considered appeal without briefs, and finding no fundamental error, affirmed the conviction); *House v. State*,

No. 01–00–01316–CR, 2002 WL 221619, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2002, no pet.) (mem. op., not designated for publication) (because appellant's appeal bond was forfeited, warrant issued, and appellant's whereabouts unknown, court found it would be futile to abate, found good cause to suspend requirement that trial court make finding appellant no longer desired to prosecute appeal, considered appeal without briefs, and finding no fundamental error, affirmed trial court judgment).

Given the history of this case, we find good cause to suspend the requirement of Rule 38.8(b)(4) that the trial court find Garcia no longer desires to prosecute her appeal. *See* TEX. R. APP. P. 2. Instead, based on her failure to prosecute the appeal since it was first filed in November 2014, her failure to inform this Court or her counsel how to contact her, and her failure to make financial arrangements for the filing of the record, we find that Garcia no longer desires to prosecute her appeal. Under Rule 38.8(b)(4), we may consider the appeal without briefs. *See* TEX. R. APP. P. 38.8(b)(4); *see also Russo v. State*, No. 14–96–00685–CR, 1997 WL 59357, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 1997, no pet.) (mem. op., not designated for publication) (affirming on clerk's record after trial court found appellant was a fugitive from justice); *Price v. State*, 1996 WL 729937 at *1 (Tex. App.—San Antonio Dec. 18, 1996, no writ) (mem. op., not designated for publication)

(affirming on record after counsel stated he could not contact appellant and warrant had been issued for appellant's arrest).

Our review of the record reveals no fundamental error. Accordingly, we affirm the trial court's judgment.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).